# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 50048 - 2 | **DATE** | 3/26/2002 |
| **CASE TITLE** | U.S.A. vs. Martin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Martin's motion for bill of particulars, motion regarding government's notice of intention to offer other offense/act evidence, and motion requesting a timely Santiago proffer; United States' motion to strike defendant Martin's request for documents

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant Martin's motion for a bill of particulars, motion regarding government's notice of intention to offer other offense/act evidence, and motion requesting a timely Santiago proffer are all denied. The United States' motion to strike defendant Martin's request for documents is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAR 27 2002 | |
| | Notified counsel by telephone. | | date docketed | 32 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3-27-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendant, Kenneth T. Martin, is charged in a twenty-three count indictment, along with co-defendant, Joseph A. Shedbalkar, of bank fraud and the misapplication of bank funds, in violation of 18 U.S.C. §§ 656, 1344. In this order the court addresses the following motions: Martin's (1) motion for a bill of particulars, (2) motion "regarding government's notice of intention to offer other offense/act evidence," and (3) motion "requesting a timely Santiago proffer"; and (4) the United States' motion to strike Martin's request for documents.

The court denies the second and third motions because, once a trial date is set, the court will then set a schedule for the disclosure of "other offense/act evidence" and a Santiago proffer, among other things.

As for the first motion, the decision to require a bill of particulars is within the sound discretion of the district court and is made by determining whether the indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial. See United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991), cert. denied, 504 U.S. 910 (1992). This requires only that the defendant be informed of the nature of the offenses charged to allow him to prepare a defense and to protect his double jeopardy rights; the government need not reveal the details of how it plans to prove its case. See United States v. Glecier, 923 F.2d 496, 502 (7th Cir.), cert. denied, 502 U.S. 810 (1991). A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case. See United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982).

The court agrees with the government that paragraphs 4 - 11 of Martin's motion for a bill of particulars should be stricken because they request nothing more than the production of certain documents and Martin has not complied with Local Criminal Rule ("LCrR") 12.1(b) regarding a motion for additional discovery. Specifically, Martin does not claim the government has ever refused to produce the documents following the LCrR 16.1 discovery conference. As the government represents the bulk of these requests can be resolved without court intervention, this portion of Martin's motion for a bill of particulars is denied and the government's motion to strike is granted. See United States v. Considine, No. 95 CR 50056, 1996 WL 210126, at *1 (N.D. Ill. Apr. 29, 1996) (Reinhard, J.).

In the rest of his motion for a bill of particulars, Martin requests the court to direct the government to provide the following information or answer the following questions: a detailed list of the names of individuals or entities cross-matched with the various loan numbers, whether each loan was "executed" or merely "attempted to be executed," whether the individual or entity receiving each loan repaid any portion of the loan, the amount of money Shedbalkar allegedly "kicked back" to Martin for each loan, identify which prong of § 1344 the government intends to proceed under at trial, identify which means the government intends to use to prove Martin violated § 656, whether the government claims the bank or its parent company lost any money on two particular loans, and specify certain information about the bank's internal lending procedures and policies as they relate to the indictment. The court denies all of these requests. In its response, the government answers some of these questions or at least tells Martin where the answers can be found in the discovery already produced to him. More importantly, as the government correctly points out, these requests improperly try to shift the burden of basic trial preparation from defense counsel to the government, they go beyond merely knowing the government's theory of the case but instead seek to compel details of how the government intends to prove its case, and the information Martin seeks can be obtained through some other satisfactory means, including pretrial discovery. See Glecier, 923 F.2d at 502; United States v. Bartelt, No. 96 CR 50034, 1997 WL 436229, at *7 (N.D. Ill. July 7, 1997) (Reinhard, J.).

For the reasons stated above, Martin's motion for a bill of particulars, motion regarding government's notice of intention to offer other offense/act evidence, and motion requesting a timely Santiago proffer are all denied; the United States' motion to strike Martin's request for documents is granted.